IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK THELEN, )
No. 16842-039, )
 )
                Petitioner, )
 )
vs. )    CIVIL NO. 13-CV-01172-DRH
 )
JAMES CROSS, JR., )
 )
                Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner Patrick Thelen, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the 37-year sentence that was imposed on November 24, 1997, after a jury trial in the Eastern District of Michigan (*United States v. Thelen*, Case No. 97-cr-20015-RHC-CEB). Thelen faced a mandatory minimum sentence under 28 U.S.C. §§ 841(b)(1)(B) and (C) and was sentenced as a career offender under U.S.S.G. § 4B1.1. He now asserts that he is "actually innocent" under two cases: *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000), and *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), which both generally hold any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. Petitioner explains that until *Alleyen*, there was a split in the circuit courts that prevented him from raising this issue until now.

This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Procedural History

Petitioner Thelen was charged with possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, and being a felon in possession of a firearm. Following a jury trial, Thelen was sentenced on November 24, 1997, to 37 years on the methamphetamine charge, 30 years on the cocaine charge, and 10 years on the gun charge. All the sentences were to run concurrently. *United States v. Thelen*, 1999 WL 435172, *1 (6th Cir. 1999).

Pursuant to U.S.S.G. § 4B1.1, petitioner received a sentencing enhancement for being a career offender, with two predicate offenses: (a) a (disputed) November 25, 1986, Oklahoma marijuana conviction and (b) a November 3, 1988, Michigan marijuana conviction. Several months after this sentence was imposed, on March 5, 1998, petitioner's 1986 Oklahoma case was dismissed upon request of the state.

Since his federal sentencing, petitioner has filed numerous appeals concerning both his November 24, 1997, sentencing and his 1986 Oklahoma case. On June 18, 1999, the Sixth Circuit affirmed petitioner's guilty verdict from his federal jury trial. *United States v. Thelen*, 182 F.3d 919 (6th Cir. 1999). Petitioner then filed a Section 2255 motion to vacate his sentence on June 14,

2000 (Doc. 72 in criminal case). On March 28, 2005, the district court's denial of petitioner's Section 2255 motion was affirmed by the Sixth Circuit. *Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005), cert. denied, 546 U.S. 969 (2005).

Petitioner also filed challenges in the Tenth Circuit to the disposition of the 1986 Oklahoma case. On December 7, 2009, he filed a Section 2254 petition for writ of habeas corpus with the Northern District of Oklahoma (Doc. 1 in *Thelen v. Oklahoma*, 2010 WL 1629078 (N.D. Ok. 2010)). The Tenth Circuit ultimately affirmed dismissal of that petition for a lack of jurisdiction, stating that petitioner was not in custody under his 1986 sentence. *Thelen v. Oklahoma*, 396 F. App'x 489, 491 (10th Cir. 2010). The Tenth Circuit furthermore recommended that Thelen bring his challenge through a Section 2255 petition filed in the Eastern District of Michigan. *Id*. Petitioner followed that recommendation, but his second Section 2255 motion was denied by the Sixth Circuit on September 15, 2011 (Doc. 123 in the criminal case).

Petitioner next tack was to pursue relief under Section 2241, or more aptly under the savings clause in Section 2254(e). Petitioner filed a Section 2241 petition in this district in 2012: *Thelen v. J. Cross*, No. 12-cv-80-DGW (S.D. Ill. Jan. 26, 2012). That petition argues that Thelen is actually innocent of being a career offender, and that the Bureau of Prisons is unfairly aggregating his sentences. The 2012 petition rests primarily upon *Carachuri-Rosendo v Holder*, 530 U.S. 563 (2010), and other precedents stemming from *Begay v. United*

*States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009). All of those cases relate to mandatory minimum sentences and career offender sentences. Thelen's 2012 Section 2241 petition is pending, although a Report and Recommendation has been entered recommending dismissal of the petition because Section 2255 afforded Thelen an adequate remedy at law, precluding relief pursuant to the savings clause in Section 2255(e).

*Alleyne v. United States*, \_\_U.S.\_\_, 133 S.Ct. 2151 (June 17, 2013), was decided after the 2012 Section 2241 petition was filed. Consequently, Thelen filed the present Section 2241 petition on November 13, 2013—after the Report and Recommendation was entered in the 2012 case.

## II. Discussion

The 2013 petition appears to offer only a slight variation on the 2012 petition, in that *Alleyne* is merely one more case in the line stemming from *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009).

Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus." *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012). However, a federal prisoner may petition under Section 2241 "if his section 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Id.* (citing Section 2255(e), the "Savings Clause"). *In re Davenport,* 147 F.3d 605 (7th Cir. 1998), established three conditions for this

exception to apply. *Id.* at 610–12. First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios,* 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first Section 2255 motion. *Id.* "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport,* 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

The Supreme Court has not made *Alleyne, the cornerstone of the present petition,* retroactive to cases on collateral review. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013). Furthermore, the Report and Recommendation issued in Thelen's 2012 Section 2241 petition suggests that the present 2013 petition is unlikely to succeed. However, in order to avoid potentially conflicting rulings in the two petitions, and in order to have the similarities and differences analyzed, the Court will not dismiss the 2013 petition at this preliminary stage.

**IT IS HEREBY ORDERED** that respondent Cross shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 12th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.12 12:07:25 -06'00'

**Chief Judge**
**United States District Court**