IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK THELEN,
No. 16842-039,
        Petitioner,

vs.                                      No.   3:13-cv-1172-CJP

JAMES CROSS, JR.,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner Patrick Thelen, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the 37-year sentence that was imposed on November 24, 1997, after a jury trial in the Eastern District of Michigan (United States v. Thelen, Case No. 97-cr-20015-RHC-CEB). Thelen faced a mandatory minimum sentence under 28 U.S.C. §§ 841(b)(1)(B) and (C) and was sentenced as a career offender under U.S.S.G. § 4B1.1. He now asserts that he is "actually innocent" under two cases: *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000), and *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), which both generally hold any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. Petitioner explains that until *Alleyne*, there was a split in the circuit courts that prevented him from raising this issue until now.

As a preliminary matter, the Court must first address petitioner's motion to withdraw consent (Doc. 20). On January 9, 2014, petitioner filed his consent to the Magistrate Judge presiding over this matter (Doc. 11). That same day, the Notice of Referral was entered transferring the case to Magistrate Judge Clifford J. Proud. On July 2, 2014, nearly six months later, Thelen filed the motion to withdraw consent. His primary concern appears to be the speed at which the Court has been handling his case. Each and every Judge in this District adheres to the Court's mission of "resolv[ing] disputes in a timely and efficient manner." Therefore Thelen's concerns regarding timing cannot be resolved by merely withdrawing his consent. Regardless, as the undersigned must address any request to withdraw consent, the Court will also address the merits of petitioner's claim. Therefore, the Court **GRANTS** petitioner's motion to withdraw consent (Doc. 20) and reassigns the case to the undersigned judge for final disposition.

During its preliminary review of the current petition, this Court noted that *Alleyne* is merely one more case in the line stemming from *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). Further, the Supreme Court did not make *Alleyne* retroactive to cases on collateral review. Because petitioner's 2012 petition, *Thelen v. Cross,* No. 12-cv-80, was still pending before this Court and this Court wanted to avoid potentially conflicting rulings, the Court ordered a response to the 2013 petition.

In his 2012 petition, petitioner maintained that he was actually innocent of being a career offender, and that the Bureau of Prisons unfairly aggregated his

sentences. The 2012 petition rested primarily on *Carachuri-Rosendo v. Holder*, 530 U.S. 563 (2010), and other precedents stemming from *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009). That line of cases relate to mandatory minimum sentences and career offender sentences. This Court dismissed the 2012 petition on January 7, 2014. *Id.* (Doc. 78).

This petition meets the same fate. Again, as *Alleyne* is not retroactive and is one more case in the line stemming from *Begay*, petitioner does not overcome the *In re Davenport* standard for a 2255(e) exception to apply. 147 F.3d 605 (7th Cir. 1998).

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Thelen's Section 2241 petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**
Signed this 18th day of September, 2014.

Digitally signed by David R. Herndon

**Chief Judge**
**United States District Court**